**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 16-4858

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JOSEPH HAL KINLAW, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:16-cr-00047-BO-1)

Submitted: August 30, 2017                Decided: September 7, 2017

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Hal Kinlaw, Jr., seeks to appeal his conviction and sentence, and his counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Government has moved to dismiss the appeal as barred by Kinlaw's waiver of the right to appeal included in the plea agreement. Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Kinlaw knowingly and voluntarily waived his right to appeal. Accordingly, we grant in part the Government's motion to dismiss and dismiss the appeal as to the sentencing and restitution issues raised by Kinlaw on appeal because those issues fall within the scope of the waiver. We also deny in part the Government's motion with regard to any claims that cannot be waived by a plea agreement, including Kinlaw's pro se claims that the district court lacked jurisdiction over the case and that his attorney was ineffective. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (recognizing that certain claims cannot be waived by plea agreement). We conclude that the district court had jurisdiction, *see* 18 U.S.C. § 1344 (2012), and, we decline to review the conclusory ineffective assistance claim on direct appeal, *see United States v. Faulks*, 821 F.3d 502, 507-08 (4th Cir. 2016) (providing standard).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that are outside of the scope of the appeal waiver. Accordingly, we dismiss the appeal in part and affirm the district court's judgment as to any issue not precluded by the appeal waiver. We deny Kinlaw's pro se motions to participate in oral argument and for release or bail pending appeal. This court

2

requires that counsel inform Kinlaw, in writing, of the right to petition the Supreme Court of the United States for further review. If Kinlaw requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Kinlaw.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*

3